IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00294-FL-RN

**Karen Williams**,

        Plaintiff,

v.

**Mrs. Scott & Al Marcelin**,

        Defendants.

**Order &
Memorandum & Recommendation**

      Karen Williams, proceeding pro se, would like to sue Mrs. Scott, an IRS agent, and Al Marcelin, an IRS manager, for issues related to her taxes. Compl., D.E. 1. She also seeks to proceed without paying the standard filing fee for civil actions. IFP Mot., D.E. 2. The court will waive the filing fee because Williams lacks the resources to pay it. But because Williams's Complaint fails to establish subject-matter jurisdiction, the undersigned recommends that the court dismiss her complaint.

**I.    Background**

      Williams claims that after submitting her tax forms to the IRS, she had a conversation with IRS agents. Compl. at 4. During that conversation, she was allegedly insulted, received unhelpful forms, and told to appear at an unspecified location. *Id.* at 4–5. She also maintains IRS agents and an unknown business applied "false charges" and a false Employer Identification Number to her name. *Id.* Williams seeks $12,603.00 of refunds which she is allegedly owed along with $770 for a 1099 form wrongly applied to her. *Id.* And Williams requests $150,000 "in retribution for [her] pain and suffering." *Id.*

## II. IFP Motion

Williams asks the court to allow her to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding in forma pauperis or IFP). The court may grant this request if she submits an affidavit describing her assets and the court finds that she cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide h[er]self and h[er] dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The court has reviewed Williams's application and finds that she lacks the resources to pay the costs associated with this litigation.[1] The court thus grants her motion (D.E. 2) and allows her to proceed IFP.

## III. Screening Under 28 U.S.C. § 1915

After determining that Williams is entitled to IFP status, the court must analyze the viability of her claims. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

---

[1] Williams's submission incorrectly shows her annual income as her monthly income, as confirmed by her tax documents.

The court may dismiss a complaint as frivolous because of either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Williams's pro se status relaxes, but does not eliminate, the requirement that her complaint contain facially plausible claims. The court must liberally construe a pro se plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Tr. of Univ. of Ala.* v. *Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson* v. *Ray*, 386 U.S. 547 (1967).

Courts may also consider whether they have subject-matter jurisdiction when conducting the § 1915 screening. *Lovern* v. *Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Unlike their state counterparts, federal courts have jurisdiction only over a limited set of cases and controversies. They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

### A. Sovereign Immunity

The United States enjoys sovereign immunity and cannot be sued without its consent. *United States* v. *Sherwood*, 312 U.S. 584, 586 (1941). This immunity applies to claims against the United States itself, as well as its agencies and employees sued in their official capacity. *Boron Oil Co.* v. *Downie*, 873 F.2d 67, 71 (4th Cir. 1989). Unless the United States has waived its sovereign immunity, a federal court generally lacks jurisdiction to hear a claim against the federal government. *Fed. Deposit Ins.* v. *Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

### B. Tax Refund Claim

Williams seeks a refund of various amounts that she is owed due to an allegedly wrongful tax assessment. The United States has waived its sovereign immunity from suits seeking to recover "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . of any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Under this provision, a plaintiff may sue for a "refund" of federal taxes the plaintiff allegedly overpaid. *Cuong Doan* v. *IRS*, No. 5:09-CV-00541-F, 2011 WL 285244, at *2 (E.D.N.C. Jan. 26, 2011).

But a plaintiff must first satisfy the exhaustion requirements of 26 U.S.C. § 7422. *See* 26 U.S.C. § 6511; *United States* v. *Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 7 (2008). Before filing suit in district court, a taxpayer must first pay the amount of the assessed tax and file a timely claim for refund with the IRS. *See* 26 U.S.C. § 7422(a); *Clintwood Elkhorn,* 553 U.S. at 7. A court must dismiss a complaint for lack of subject-matter jurisdiction where a plaintiff has not satisfied this requirement. *See United States* v. *Dalm, 4*94 U.S. 596, 608–10 (1990); *McDowell* v. *I.R.S.*, No. 2:06-CV-22-FL, 2007 WL 1703517, at *2 (E.D.N.C. Mar. 26, 2007), *aff'd,* 231 F. App'x 261 (4th Cir. 2007) ("In the absence of full payment of the assessment and the timely filing of a valid administrative claim, the United States has not waived its immunity from a suit for a refund, and thus any suit for a refund must be dismissed.").

The Complaint fails to allege that Willliams has satisfied § 7422's exhaustion requirements before filing her action in this forum. Absent allegations that she has done so, the court lacks jurisdiction over this claim and it should be dismissed.

**C.     Common-Law Tort Claims**

Williams also seeks to hold two IRS agents liable for various common law tort claims. But under the Westfall Act, 28 U.S.C. § 2671, Congress has provided "federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *U.S. Tobacco Coop. Inc.* v. *Big S. Wholesale of Va., LLC*, 899 F.3d 236, 247 (4th Cir. 2018) (quoting *Osborn* v. *Haley*, 549 U.S., 229 (2007)). That Act also makes an action under the Federal Tort Claims Act against the United States the exclusive remedy for those types of claims. 28 U.S.C. § 2679(b)(1). So Williams cannot sue these defendants for common law torts

5

committed in the course of their official duties, instead she must sue the United States under the FTCA. *See Holmes* v. *Eddy*, 341 F.2d 477 (4th Cir. 1965).

But there are at least two challenges to Williams maintaining an FTCA claim here. To begin with, before pursuing an FTCA claim, a plaintiff must first present her claim to the appropriate federal agency, and the agency must deny the claim. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1). This requirement is jurisdictional and cannot be waived. *Ahmed* v. *United States*, 30 F.3d 514, 516 (4th Cir. 1994). Williams has not alleged that she has complied with this requirement before filing her suit.

In addition, the FTCA's scope provides another barrier to the relief Williams seeks. That Act excludes certain torts from its coverage and, as a result, preserves the government's immunity in those areas. *Levin* v. *United States*, 568 U.S. 503, 507 (2013). Among the FTCA's exceptions are claims "arising in respect of the assessment or collection of any tax[.]" 28 U.S.C. § 2680(c). This exclusion applies to any suit involving "activities that are even remotely related to the assessment or collection" of "a specific tax debt." *Perkins* v. *United States*, 55 F.3d 910, 915 (4th Cir. 1995). Thus Wiliams cannot pursue her tax refund claims under the FTCA.

There is another exclusion in the FTCA for claims "arising out of . . . misrepresentation [or] deceit[.]" 28 U.S.C. § 2680(h). So her fraud- and misrepresentation-based claims are not cognizable under the FTCA.

In order to seek recovery for actions the Defendants took in their official roles, Williams would need to sue the United States under the FTCA. She cannot do so because she had failed to exhaust her administrative remedies and seeks to bring claims that are not covered by that act. As a result, the court lacks subject-matter jurisdiction over these claims and they should be dismissed.

6

## IV. Conclusion

For these reasons, the court grants Williams's motion to proceed IFP. But her complaint fails to establish subject-matter jurisdiction. So the undersigned recommends that the court dismiss the complaint (D.E. 1) without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: September 3, 2025

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge